UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL KOGAN,                      :
                                    :
          Petitioner                :
                                    :   CIVIL NO. 1:CV-06-0264
     vs.                            :
                                    :   (Judge Caldwell)
C. LINDSAY,                         :
                                    :
          Respondent.               :

*M E M O R A N D U M*

*I.   Introduction.*

Michael Kogan, an inmate at the Canaan Federal Prison Camp ("FPC-Canaan") filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging the Bureau of Prison's ("BOP") failure to presently consider him for placement in a Community Corrections Center ("CCC"). Kogan argues that the BOP has the discretion to transfer him to a CCC at anytime during his incarceration and that the BOP's failure to exercise its discretion to do so prior to June 30, 2009, violates 18 U.S.C. § 3621(b)[1] and 18 U.S.C. § 3624(c).[2] (Doc. 1, Petition). In support

---

[1] Section 3621(b), related to an BOP inmate's place of confinement, provides that:

> The [BOP] shall designate the place of the prisoner's imprisonment. [The BOP] may designate any available penal or correctional
>
> (continued...)

of his argument, Kogan cites to *Wooodall v. Federal Bureau of Prisons*, 432 F.3d 235 (3d Cir. 2005).  Petitioner seeks the Court to "order Respondent to allow [him] to serve greater portion of his federal sentence in community confinement than currently calculated 6 months." (Doc. 1, Petition).

For the following reasons, the Petition will be denied.

---

¹(...continued)
　　facility that meets minimum standards of
　　health and habitability....

　　the BOP shall consider the following factors:
　　(1) the resources of the facility
　　contemplated;(2) the nature and circumstances
　　of the offense; (3) the history and
　　characteristics of the prisoner; (4) any
　　statement by the court that imposed the
　　sentence ... *and* (5) any pertinent policy
　　statement issued by the Sentencing Commission
　　pursuant to section 994(a)(2) of title 28.

² Section 3624(c) of title 18 U.S.C., in pertinent part, provides:

　　The Bureau of Prisons shall, to the extent
　　practicable, assure that a prisoner serving a
　　term of imprisonment spends a reasonable part,
　　not to exceed six months, of the last 10
　　percent of the term to be served under
　　conditions that will afford the prisoner a
　　reasonable opportunity to adjust to and prepare
　　for the prisoner's re-entry into the community.
　　The authority provided by this subsection may
　　be used to place a prisoner in home
　　confinement.

*II.     Background*.

On January 20, 2004, Petitioner Michael Kogan, was sentenced in the United States District Court for the Eastern District of Pennsylvania to 87 months imprisonment for mail and wire fraud. His projected release date is December 31, 2009, and his "half-way house" release date is June 30, 2009, providing him approximately a six (6) month placement in a CCC. (Doc. 1, Petition). Kogan seeks immediate consideration for placement in a CCC which, according to him, would suggest greater than a six month period of half way house placement is warranted. Kogan has not exhausted his administrative remedies as to matters raised in the Petition.

Respondent filed a Response to the Petition which includes the Declarations of Julie Nicklin, Executive Assistant at FPC-Canaan, and K. Michael Sullivan, BOP Attorney at FCI-Allenwood, in addition to various BOP policies. (Doc. 5, Response to the Petition for Writ of Habeas Corpus). Respondent asserts Kogan's petition should be dismissed for his failure to exhaust his Administrative Remedies and because he does not have a right to serve the remainder of his sentence in a CCC as his place of confinement is within the sole discretion of the BOP. According to Ms. Nicklin, Kogan does have a projected release date of December 31, 2009, via Good Conduct Time release, and he

-3-

has a *Pre-Release Preparation Date* of June 30, 2009. (Doc. 5, Exhibits in Support of Response to the Petition for Writ of Habeas Corpus, Exhibit 1, Declaration of Julie A. Nicklin). A decision as to CCC placement normally occurs eleven to thirteen months before an inmate's projected release date and Kogan's CCC placement review will happen in accordance with the policy. (Doc. 5, Ex. 1, Nicklin Decl. at ¶¶ 6 - 10).

In his Traverse, Kogan contends that Respondent misunderstands the focal point of his claim. He asserts that "Respondent is speaking about Petitioner's pre-release plan, whereas Petition's original request is to serve a portion of his federal imprisonment time in a CCC, which is permissible and possible as based on the *Woodall* decision." (Doc. 7, Petitioner's Reply to Respondent's Response to the Petition for Writ of Habeas Corpus). While he concedes "that the BOP has full placement authority granted by 18 U.S.C. § 3621(b)" he states that "Petitioner and Respondent, however, clearly disagree on the issue of **when** such consideration should take place." (*Id*.)(emphasis in original). Kogan seeks the Court to "order the BOP to perform a timely review of this Petitioner's file in order to determine how each of the factors outlined in *Woodall* pertain to him personally." (*Id*.)

*III.    Discussion.*

   *A. Exhaustion.*

Before a prisoner can bring a habeas petition under 28 U.S.C. § 2241, administrative remedies must be exhausted. *See Moscato v. Federal Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion is required "for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." (*Id.* at 761-62). In order for a federal prisoner to exhaust his administrative remedies, he must comply with 28 C.F.R. § 542. *See* 28 C.F.R. § 542.10, *et seq.* Alternatively, exhaustion of administrative remedies is not required where the issue presented involves only statutory construction, because there is no need for an administrative agency to develop a factual record or to apply its expertise with respect to the circumstances presented. *See Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir.1981)(*citing U.S. ex re. Marrero v. Warden, Lewisburg Penitentiary*, 483 F.2d 656, 659 (3d Cir.1973), *rev'd on other grounds*, 417 U.S. 653 (1974)).

Kogan did not exhaust his administrative remedies regarding the issues raised in his petition. Relying on a number

-5-

of Middle District cases that have found that requiring inmates to challenge the BOP's 2005 policy regarding placement in a CCC through the administrative process would be futile, Kogan argues the same. *See*, e.g., *Fagiolo v. Smith*, 326 F.Supp.2d 589, 590 (M.D.Pa. 2004)("exhaustion would be futile because the BOP has adopted a clear and inflexible policy regarding its interpretation of 18 U.S.C. § 3624(c)").

Respondents argue that Kogan is challenging the application of the BOP regulations to him and not their validity, and therefore Kogan's failure to exhaust should not be excused. *See Woodall, 432 F.2d 239,* fn.2 ("The District Court excused Woodall's failure to exhaust his administrative remedies.  It determined that exhaustion would be futile, given that Woodall is not challenging the application of the BOP regulations, but their validity.  We agree with the District Court that the purposes of exhaustion would not be served here by requiring Woodall to exhaust his administrative remedies ...").  We disagree based on the Respondent's argument that "the BOP would not consider Kogan for transfer to a CCC at this time as it would be premature." (*See* Doc. 5, Response to the Petition for Writ of Habeas Corpus, p. 15).  Based on this argument, and Kogan's *pro se* status, we construe his petition as challenging the validity of Sections § 3621(c) and excuse exhaustion in this matter.

-6-

*B.  Merits of the Petition.*

The parties do not dispute that the BOP has the authority to designate the place of imprisonment for each prisoner committed to its custody, taking into account, *inter alia*, the history and characteristics of the individual convict. *See* 18 U.S.C. § 3621(b); *Barden v. Keohane*, 921 F.2d 476 (3d Cir. 1990). Kogan also acknowledges that simply because the BOP has the discretion to transfer or assign an inmate to a CCC "does not mean that it must." *Woodall*, 432 F.3d at 251. A prisoner "has no justifiable expectation that he will be incarcerated in any particular prison". *See Olim v. Wakinekona*, 461 U.S. 238, 245, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983); *see also Moody v. Daggett*, 429 U.S. 78, 88 n. 9, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976). The discretion to place federal prisoners in CCCs remains squarely within the control of the BOP.

Kogan's Petition cites both 18 U.S.C. § 3621(b) and § 3624(c) as authority for the BOP ability to transfer him to a CCC. He claims the BOP has not, or will not, consider his request for transfer under either of these provisions prior to his Pre-Release Preparation Date. Kogan does not challenge that the BOP has the final word with respect to where he serves his sentence, but rather, the parties disagree as to when a request

for transfer to a CCC, in advance of the time frame established by § 3624(c), must be considered.

In his Traverse, Kogan concedes that he presently does not have the right to seek CCC placement via § 3624(c). Yet he maintains that he is entitled to immediate consideration for CCC placement pursuant to 3621(b). We perceive his Petition as requesting the BOP to consider a request for his transfer to a different correctional setting, a CCC, based on the enumerated factors set forth in § 3621(b), prior to the date when the BOP is *required* to undertake a similar review as mandated by § 3624(c). This distinction is critical.

In *Woodall*, *supra*, the Third Circuit Court of Appeals found that 28 C.F.R. §§ 570.20 and 570.21 were invalid. These regulations provide that, as a "categorical exercise of discretion," the BOP designated inmates for CCC placement only during the last ten percent of the prison sentence being served, not to exceed six months, and without any express consideration of the individualized factors of Section 3621(b). *See Woodall*, 429 F.2d 250. Of particular relevance to our review of Kogan's petition is the Third Circuit Court of Appeals' consideration, and rejection, of the dissent's argument that the § 3621(b) factors need not be considered until the BOP is *required* to consider the inmate for CCC placement. *Id*. at 250-2 (emphasis

added). The Third Circuit found that the BOP's regulation that limited the placement of inmates in a CCC to the lesser of six months or the last ten percent of their sentence, i.e. § 3624, "does not determine when the BOP should *consider* CCC placement, but when it must *provide* it." *Id.* at 250 (emphasis in original). The *Woodall* court interpreted § 3624 as imposing an obligation on the BOP "to place an inmate in a CCC, during the last ten percent or six months of a sentence, when that is possible." *Id.* The Third Circuit did not find that § 3624 limits, or restricts in any manner, the BOP's discretion pursuant to § 3621 to consider or place an inmate in a CCC at any point during their confinement, for any length of time.

The court in *Woodall* specifically found that § 3624 did not remove the BOP's discretion granted to it via § 3621(b) to designate an inmate to "any available penal or correctional facility," which includes CCCs, at any point in their incarceration. Therefore, the BOP's assertion that it "would not consider Kogan for transfer to a CCC at this time as it would be premature" as it is prior to his Pre-Release Preparation Date, violates the instruction of *Woodall.* While not *required* to consider an inmate for CCC placement prior to that date, if an inmate makes such a request, the BOP under § 3621(b), must make an individualized determination as to the inmate's request just

-9-

as it would if an inmate requested a transfer to another facility.  The BOP's failure to entertain, and individually resolve such a request, is an impermissible failure to exercise it's discretion under § 3621(b).  *Woodall* does not change the premise that CCC placement is not guaranteed for any length of time, or at all, under § 3621(b) or § 3624(c).

As for Kogan, there is nothing in the record to suggest that he requested CCC placement and that the BOP improperly denied the request without regard to the enumerated factors in 18 U.S.C. § 3621(b).  Absent these events Kogan is not entitled to relief in this matter.  If Kogan should eventually formalize his request for CCC placement pursuant to § 3621(b) and the BOP reaches a decision on that request based upon the individualized factors enumerated in § 3621(b), the BOP's determination, whatever it is, would not be subject to judicial review.  *See Barden v. Keohane*, 921 F.2d 476, 478-79 (3d Cir. 1990).

We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: May 31, 2006

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL KOGAN,                          :
                                        :
            Petitioner                  :
                                        :   CIVIL NO. 1:CV-06-0264
       vs.                              :
                                        :   (Judge Caldwell)
C. LINDSAY,                             :
                                        :
            Respondent.                 :

*O R D E R*

AND NOW, this 31st day of May, 2006, it is ordered that:

1. Kogan's Petition for Writ of Habeas Corpus is DENIED.

2. The Clerk of Court is directed to close this case.

                              /s/William W. Caldwell
                              William W. Caldwell
                              United States District Judge